IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 AUG 16 PM 4:23

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, JACKSON

| | | |
|---|---|---|
| KEVIN AND JEANNIE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.   03-1255 T/An |
| | ) | |
| WILLIAMS MARK FRANKS, | ) | |
| d/b/a FRANKS TRUCKING, | ) | |
| | ) | |
| Defendant. | ) | |

--------------------------------------------------------

| | | |
|---|---|---|
| KEVIN AND JEANNIE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.   03-1322 T/An |
| | ) | |
| HOME-MART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO AMEND COMPLAINTS

Before the Court is Plaintiff Kevin Smith's ("Mr. Smith") Motion to Amend Complaints filed on July 13, 2005. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

This matter involves two separate lawsuits which were consolidated on May 17, 2004. Plaintiffs filed this suit against Defendants alleging Defendants were the cause of personal injuries suffered by Mr. Smith. Plaintiffs filed this suit in the Hardin County, Tennessee Circuit

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _8-17-05_

1

Court, and Defendants removed this matter to the Western District of Tennessee on October 2, 2003. Before the case was removed, Plaintiffs filed an Amended Complaint in the Hardin County Circuit Court, but Mr. Smith does not inform the Court as to why the Complaint was previously amended. Plaintiff now seeks permission from the Court to file a second Amended Complaint.

In the Memorandum of Law filed with Plaintiff's motion, Plaintiff argues that "the facts alleged in the proposed Amended Complaint are known to all defendants and contained in Kevin Smith's Statement of Material Facts in Opposition to Defendant' [sic] Motion for Summary Judgment." (Mem. in Supp. of Mot. to Amend, at 2). Mr. Smith also argues that the proposed amendments will not be prejudicial to Defendants, but he does not specifically state which provisions of the Complaint he is seeking to amend.

Defendants filed a Joint Response in Opposition to the Motion to Amend on July 20, 2005. In the Response, Defendants argue that the Motion to Amend was untimely filed and that the Defendants would be unduly prejudiced if the Court permitted Plaintiff to amend the Complaints. Defendants point out that the deadline for Plaintiff to amend his pleadings was set in the Court's Rule 16(b) Scheduling Order as October 4, 2004, and Defendants argue that if the Complaints are amended, Defendants will not be able to conduct discovery on the proposed amendments, since many of the discovery deadlines have passed.

## ANALYSIS

### I. Plaintiff's Reply Memorandum

On July 25, 2005, Plaintiff filed a Reply Memorandum with the Court. The Scheduling Order in this matter, entered on February 24, 2004, states that "[n]either party may file an

additional reply [to any motion], however, without leave of court." *Smith v. Franks*, Rule 16(b)

Scheduling Order, No. 03-1255 T/An (W.D. Tenn. Feb. 24, 2004). In this case, Plaintiff filed a

Reply Memorandum without first obtaining leave of court; therefore, the Court **ORDERS** that

the Reply Memorandum should be stricken.

## II. Motion to Amend

A pleading may be amended "only by leave of court . . . and leave shall be freely given

when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend may be denied when it would

result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in

the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*,

371 U.S. 178, 182 (1962)). Prejudice exists if the proposed amendment would "require the

opponent to expend significant additional resources to conduct discovery and prepare for trial;

significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely

action in another jurisdiction." *Id.* at 662-63. In addition, while delay should not be the only

reason for denying an amendment to a pleading, it can be considered by the Court. *Wade v.*

*Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).

In this matter, the Court concludes that Plaintiff should not be allowed to amend the

Complaints because the proposed amendment is both untimely and because it would be

prejudicial to Defendants. Plaintiff offers no explanation in his motion as to why he waited until

now, almost 22 months after this matter was removed to the Court and almost 10 months after

the deadline for amending pleadings has passed, to seek amendment of the Complaints for the

second time. Additionally, according to Defendants' Response, Defendants have deposed most,

if not all, of the fact witnesses they intend to depose, and the deadline for disclosing experts has

also elapsed.  Defendants have already filed a Motion for Summary Judgment, and the trial is scheduled for December 12, 2005.  As such, it cannot reasonably be said that allowing the amendment would not be prejudicial to the Defendants.

Because of Plaintiff's unexplained delay in filing the Motion to Amend and because allowing Plaintiff to Amend the Complaints will be prejudicial to Defendants, the Court concludes Plaintiff has not demonstrated good cause.  Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 16, 2005

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 64 in case 1:03-CV-01255 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

---

M. Bradley Gilmore
PARKER LAWRENCE CANTRELL & DEAN
200 Fourth Avenue N.
5th Floor, Noel Place
Nashville, TN 37219

Gayden Drew
DREW & MARTINDALE, P.C.
174 W. University Pkwy
Jackson, TN 38305

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Steven W. Maroney
TEEL MCCORMACK & MARONEY
87 Murray Guard Dr.
Jackson, TN 38305

John S. Little
WALDROP & HALL
106 S. Liberty Street
Jackson, TN 38301--072

Honorable James Todd
US DISTRICT COURT