IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | | |
|---|---|---|---|
| KEVIN AND JEANNIE SMITH, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | NO. | 03-1255 T/An |
| | ) | | |
| WILLIAMS MARK FRANKS, | ) | | |
| d/b/a FRANKS TRUCKING, | ) | | |
| | ) | | |
| Defendant. | ) | | |

--------------------------------------------------------

| | | | |
|---|---|---|---|
| KEVIN AND JEANNIE SMITH, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | NO. | 03-1322 T/An |
| | ) | | |
| HOME-MART, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER DENYING MOTION FOR RELIEF

Before the Court is Plaintiff Kevin Smith's ("Mr. Smith") Motion for Relief from Order Denying Motion to Amend Complaints and Order Denying Motion to Amend Scheduling Order filed on August 25, 2005. United States District Judge James D. Todd referred the matter to the Magistrate Judge for determination. For the following reasons, Mr. Smith's Motion is **DENIED**.

### Background

On July 13, 2005 and July 25, 2005, Mr. Smith filed a Motion to Amend Complaints and a Motion to Amend 16(b) Scheduling Order, respectively. After the Defendants filed their Joint

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___11-14-05___

Response in Opposition to both of Mr. Smith's motions, Mr. Smith filed a Memorandum in Reply to Defendants' Joint Response in Opposition to his motions ("Reply"). He neglected, however, to file a motion for leave to do so and thus his Reply was not considered when the Court made a ruling upon the motions. Both motions were denied by this Court on August 16, 2005, and Mr. Smith has now filed the present Motion in an attempt to obtain relief from the Court's denial pursuant to Rule 60 of the Federal Rules of Civil Procedure.

## Analysis

### Rule 60(b)

Mr. Smith's basis for relief in the present Motion is premised upon Rule 60(b) of the Federal Rules of Civil Procedure which provides that a party may move for relief from a final judgment, order, or proceeding due to inadvertence. Fed. R. Civ. P. 60(b). Mr. Smith asserts that his failure to file a motion for leave to submit his Reply was an inadvertent mistake and thus the Court should now entertain the arguments contained therein because he has now properly presented the statements contained in his Reply by renewing his motions with a supporting memorandum.

While Mr. Smith is correct in stating that Rule 60(b) provides relief for parties due to inadvertence, such relief only apples to final judgments and orders, not interlocutory ones. "Rule 60(b) is limited to review of orders that are independently "final decisions" under 28 U.S.C. § 1291." *Asser v. Corrigan*, 1992 U.S. App. LEXIS 579 (6th Cir. 1992). See also *Aetna Cas. & Sur. Co. v. Holloway Constr. Co.*, 1996 U.S. App. LEXIS 14442 (citing *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 154 (7th Cir. 1985) ("The Advisory Committee's notes state that the Rule was devised to give the district court a power of revisitation it had lacked. A court always had the power to modify earlier orders in a pending case. Therefore "final" in Rule 60(b)

must modify "order, or proceeding" as well as "judgment." Otherwise the Rule creates a power of modification redundant with the ordinary power to conduct pending proceedings and rethink earlier orders.")). A final order is one that "is dispositive of the entire case." *Black's Law Dictionary*, final order (8th ed. 2004). The Orders from which Mr. Smith seeks relief do not dispose of the entire case and thus are not "final orders." Therefore, Mr. Smith's use of Rule 60(b) as a basis for his Motion is misplaced. The Court, however, will review the Motion in the interest of justice.

### Delay

Mr. Smith notes that Rule 15(a) of the Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court and that such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Furthermore, while a motion to amend may be denied for reasons of delay, Mr. Smith claims that his delay in filing his motions to amend is, by itself, an insufficient reason for this Court to have denied the motions. *Security Insurance of Hartford v. Kevin Tucker & Associates, Inc.*, 64 F.2d 1001, 1009 (6th Cir. 1995) ("Delay alone, however, does not justify the denial of leave to amend.") Mr. Smith also cites the District of Columbia Circuit case *Bowden v. U.S.* for the proposition that a plaintiff may amend a complaint even after summary judgment has been granted. *Bowden v. U.S.*, 176 F.3d 552 (D.C. 1999).

While Mr. Smith correctly states the law again in both instances, the *Tucker* case and the *Bowden* case are distinguishable from the present case. In *Tucker*, there was an intervening bankruptcy proceeding and the case lay dormant for thirteen months. *Tucker*, 64 F.2d at 1009. The case was still in the early stages of pre-trial activity when the plaintiff filed its motion to amend and the discovery cut-off and trial date had not been set. *Id.* In *Bowden*, the defendants actually filed a motion to dismiss, or in the alternative, a motion for summary judgment early in

the stages of the case before they had filed any other responsive pleading.

Mr. Smith, on the other hand, waited over six months after the deadline for the completion of discovery to file his motions to amend.[1] Both parties had finished conducting discovery, had taken all of the depositions they thought they would need, and two motions for summary judgment had been filed. Additionally, the trial date had already been set for early December, less than four months away.

When a plaintiff seeks an amendment "at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Williams v. City of Saginaw*, 2002 U.S. Dist. LEXIS 14391, *20 (E.D. Mich. 2002) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). "Courts look unfavorably upon motions seeking to add new claims after opposing counsel has already conducted discovery and expended the costs of filing a summary judgment motion on the original theories." Id. at *22. Mr. Smith does not offer any explanation as to why he waited from December of 2004, when discovery was completed, until July of 2005 to file his motions to amend. He maintains that information revealed during the depositions not previously known to him caused him to desire to amend his complaint but does not address the reason for the six and a half month delay.

### Prejudice

Lastly, Defendants will be unduly prejudiced if Mr. Smith's motions to amend are granted. The deadline for the completion of formal written discovery was March 15, 2005, and the dates relating to the disclosure of experts and taking of depositions have passed. Motions for Summary Judgment have already been filed by two of the Defendants. If Defendants are to

---

[1] The motions were also filed two weeks after two Defendants had filed a Motion for Summary Judgment.

confront an Amended Complaint at this late stage, they may have to re-assess the discovery and strategy that they have conducted up to this point in reliance upon the Complaint and Scheduling Order as those pleadings now stand.

Therefore, because Mr. Smith's motions to amend are untimely and will result in undue prejudice to the Defendants, his Motion for Relief from Order Denying Motion to Amend Complaints and Order Denying Motion to Amend Scheduling Order is **DENIED**.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 08, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 97 in case 1:03-CV-01255 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

John S. Little
WALDROP & HALL
106 S. Liberty Street
Jackson, TN 38301--072

M. Bradley Gilmore
PARKER LAWRENCE CANTRELL & DEAN
200 Fourth Avenue N.
5th Floor, Noel Place
Nashville, TN 37219

Jere B. Fones
THORP FONES & FRULLA PLC
5668 S. Rex Road
Second Floor
Memphis, TN 38119

Gayden Drew
DREW & MARTINDALE, P.C.
174 W. University Pkwy
Jackson, TN 38305

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Steven W. Maroney
TEEL MCCORMACK & MARONEY
87 Murray Guard Dr.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT