IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KEVIN SMITH and his wife,<br>JEANNIE SMITH,<br><br> Plaintiffs,<br><br>VS.<br><br>WILLIAM MARK FRANK<br>d/b/a FRANKS TRUCKING,<br><br> Defendant. | No. 03-1255-T-An |
| KEVIN SMITH and his wife,<br>JEANNIE SMITH,<br><br> Plaintiffs,<br><br>VS.<br><br>HOME-MART, INC.,<br><br> Defendant. | No. 03-1322-T-An |

## ORDER ON PENDING MOTIONS

Plaintiffs Kevin and Jeannie Smith filed this action in the Circuit Court of Hardin County, Tennessee, against Defendant William Mark Franks d/b/a Franks Trucking ("Defendant Franks"). The action was removed to this court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Plaintiffs also filed an action in this court against

Defendant Home-Mart, Inc. Defendant Home-Mart, Inc., filed a third-party complaint against Defendant Franks. On May 17, 2004, the two actions were consolidated.

Defendant Franks has filed a motion for summary judgment [Docket # 41]; Defendant Home-Mart, Inc., has filed a motion for summary judgment [Docket # 44]; Defendant Franks has filed a motion to dismiss Plaintiffs' claim for prejudgment interest [Docket # 55]; and Defendant Franks has filed a motion for partial summary judgment [Docket # 86]. Plaintiffs have responded to the motions. For the reasons set forth below, Defendants' motions for summary judgment and partial summary judgment are GRANTED. Defendant Franks' motion to dismiss Plaintiff's claim for prejudgment interest is DENIED as moot.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of

a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

The facts are as follows.[1] On December 6, 2002, Plaintiffs purchased a mobile home from Defendant Home-Mart. As part of the sales price, Defendant was to deliver the mobile home to Plaintiffs' property. Defendant Home-Mart hired Defendant Franks to deliver and set up Plaintiffs' mobile home. Several days before the installation, Steve Richardson from Home-Mart and Mark Franks of Franks Trucking conducted a site inspection of Plaintiffs' property, pursuant to the sales agreement. Defendant Home-Mart was obligated to provide a clear right of way for the transportation and placement of the mobile home, while Plaintiffs were obligated to mark off where the mobile home was to be placed and to prepare the lot. Plaintiffs were also responsible for the cost of labor and equipment in the event of an

---

[1] The facts are stated for the purpose of deciding this motion.

3

impediment not disclosed to Home-Mart.

Plaintiff Kevin Smith told Richardson that the field to the right at the end of the driveway belonged to his father and was wet with freshly plowed ground. Plaintiff told Richardson that he would need to get written permission from his father before this field could be driven on. According to Plaintiff Smith, placement of the mobile home did not require the use of the wet field because the mobile home could have been delivered by driving on the left side of Plaintiffs' driveway which was firm.

Defendants delivered the mobile home by driving on the wet field of Plaintiff Smith's father, even though they did not have permission to do so.[2] The truck and trailer carrying the mobile home became stuck in the wet field. Plaintiff Kevin Smith agreed to use his own tractor to pull the truck and trailer out of the field. Jimmy Franks hooked a chain between the tractor and the truck. As Plaintiff Smith began easing off the clutch of the tractor, the chain broke, recoiled, and struck him in the face, causing injuries to Plaintiff Smith.

The amended complaint against Defendant Franks alleges that Defendant's employees were negligent in failing to properly inspect Plaintiffs' property prior to installing the mobile home,[3] failing to heed Plaintiff Kevin Smith's warning not to turn right at the end of the driveway, turning right onto the wet field, violating the agreement to be solely

---

[2] For the purpose of deciding this motion only, Defendant Franks concedes that Plaintiff Smith said to avoid the field. Franks Memo. at p. 3 n. 3.

[3] Plaintiffs have agreed that the failure to inspect allegation should be stricken. See Plaintiffs' responses to motion for partial summary judgment, 9/1/05 & 9/14/05.

4

responsible for installing the mobile home, requesting Plaintiff Kevin Smith to assist in attempting to pull the truck and trailer out of the mud, and failing to exercise caution when engaged in a dangerous activity. Amended Complaint 9/25/05.[4]

The complaint against Home-Mart alleges that Defendant's employees were negligent in failing to properly inspect Plaintiffs' property and in advising Defendant Franks to turn right at the end of the driveway.[5]

## Defendant Franks

A claim based on negligence requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. Turner v. Jordan, 957 S.W.2d 815, 818 (Tenn.1997). Duty is the legal obligation a defendant owes to a plaintiff to exercise reasonable care in order to protect against unreasonable risks of harm. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). The duty of reasonable care must be considered in relation to all the relevant circumstances, and the degree of foreseeability needed to establish a duty of care decreases in proportion to increases in the magnitude of the foreseeable harm. See Pittman

---

[4] On July 13, 2005, Plaintiff Kevin Smith moved to amend the complaint to include, *inter alia*, the allegation that Defendant Franks was negligent in using an inadequate chain to attempt to pull the truck out of the wet field or, in the alternative, in hooking the chain to the tractor. The motion was denied on August 16, 2005, as untimely and unfairly prejudicial to Defendant. On November 9, 2005, Plaintiff's motion for relief from the prior order was denied.

[5] The allegations against the two defendants are seemingly contradictory in that Plaintiffs allege that Defendant Franks did not heed the warnings of Defendant Home-Mart's employee not to turn right and that Defendant Home-Mart's employee did not warn Defendant Franks.

5

v. Upjohn Co., 890 S.W.2d 425, 433 (Tenn.1994); Doe v. Linder Constr. Co., Inc., 845 S.W.2d 173, 178 (Tenn.1992). An act or omission will not be considered a proximate cause of an injury if a reasonable person could not have foreseen or anticipated the injury. McClenahan v. Cooley, 806 S.W.2d 767 (Tenn.1991); see, e.g., Bennett v. Putnam County, Tennessee, 47 S.W.3d 438 (Tenn. App. 2000) (the ambulance driver could not have foreseen that another driver would leave the unobstructed eastbound travel lane, cross into the westbound travel lane, and then collide with the ambulance which was parked at the scene of a previous accident with its lights on.)

In the present case, the link between Defendant Franks' decision to turn right onto the wet field and Plaintiff Smith's injury is too tenuous to establish proximate cause. A reasonable jury could not find that it was foreseeable that, if Defendant Franks' employee turned right onto the wet field, the mobile home and truck would become stuck in the mud, a decision would be made to use Plaintiff Smith's tractor to pull the truck out of the mud, and that the chain linking the tractor and the truck would snap, recoil, and hit Plaintiff Smith, causing serious injuries. The only foreseeable risk was that the mobile home would get stuck in the mud which could have damaged the mobile home and/or the field.[6] Thus, the proximate cause of Plaintiff Kevin Smith's injury was not turning onto the wet field.

Plaintiffs also allege that Defendant Franks' employees were negligent in requesting Plaintiff Smith's assistance in pulling the mobile home and truck out of the mud. Plaintiff

---

[6] No claim has been made for damage to either the mobile home or the field.

Kevin Smith testified as following during his deposition:

> Q. When they asked you about pulling them out of the field, what did you do?
>
> A. I said, "If you need to get out, I'll help pull you out."
>
> Q. So what did you do at that point?
>
> A. I went and got on the tractor. They had the chain. He was hooked to the – he pulled his trailer back. He had to unhook the truck from the trailer and pull it back and then pull the truck out.

K. Smith Depo. at p. 61.

According to Plaintiff's own testimony, he voluntarily agreed to help out. Plaintiff testified that he had been driving a tractor since he was fifteen years old and was capable of driving the tractor that he used to help pull out Defendant's truck. Id. at pp. 29-30. Plaintiff was experienced in "pulling out" pieces of equipment with a tractor. Id. at p. 65. No one instructed Plaintiff on how to pull the truck out because he knew "what to do." Id. at p. 86. Based on this evidence, the court finds that, not only did Defendant have no duty to refrain from asking for Plaintiff's help, the request was not the proximate cause of Plaintiff's injury.

The allegation that Defendants violated the agreement to be solely responsible for installing the mobile home is contradicted by the evidence that, pursuant to Plaintiffs' agreement with Defendant Home-Mart, providing their own equipment and services allowed Plaintiffs to avoid any additional cost that might be incurred for extra equipment or labor that was needed to set up the mobile home. See Richardson Depo. at pp. 18-21; K. Smith's Statement of Facts at para. 12; Exhibit 2 to K. Smith Depo. at p. 2; J. Smith Depo. at p. 75.

7

Therefore, Defendant Marks is entitled to summary judgment on all of Plaintiffs' claims. Because summary judgment has been granted to Defendant Marks, the motion to dismiss Plaintiffs' claim for prejudgment interest in denied as moot.

## Defendant Home-Mart

Plaintiffs contend that Defendant Home-Mart was negligent in advising the employees of Defendant Franks to turn right onto the wet field and in not providing a third party to pull the mobile home and truck out of the mud. As discussed above, turning onto the wet field was not the proximate cause of Plaintiff Kevin Smith's accident. Moreover, Plaintiffs have failed to show that Defendant Home-Mart had a duty to advise Defendant Franks as to how the mobile home should be delivered. Also, as discussed above, Plaintiff Kevin Smith volunteered to use his tractor to pull out the truck. Defendant Home-Mart had no duty to protect Plaintiff from his own volunteer efforts.

Alternatively, even if Defendant Franks was negligent in turning onto the wet field and in allowing Plaintiff Smith to assist with pulling out the truck, Defendant Home-Mart is not liable to Plaintiffs because the employer of an independent contractor is ordinarily not liable for damages to third parties caused by the contractor's negligence.[7] See McHarge v. M.M. Newcomer & Co., 100 S.W. 700, 702 (Tenn. 1907); Wilson v. Thompson Constr. Co.,

---

[7] There are some exceptions to this principle, none of which are applicable in the present case. See Givens v. Mullikin, 75 S.W.3d 383, 394 (Tenn.2002). For example, the employer may be subject to liability for harm caused by the independent contractor pursuant to directions negligently given by the employer, or based on the employer's negligence in selecting, instructing, or supervising the independent contractor, or based on non-delegable duties the employer owes to the public in general or to the plaintiff in particular. *Restatement (Second) of Torts* §§ 409- 410.

8

86 S.W.3d 536, 541 (Tenn.App.2001); *Restatement (Second) of Torts* § 409. It is undisputed that Defendant Home-Mart contracted with Defendant Franks for the delivery and set-up of the mobile home and, thus, Defendant Franks was an independent contractor at the time of Plaintiff Smith's accident.

Accordingly, Defendant Home-Mart is entitled to summary judgment.

## Conclusion

Plaintiffs have failed to show that Defendants' actions were the proximate cause of Plaintiff Kevin Smith's injury. Therefore, the motion for summary judgment of Defendant Franks [Docket # 41] is GRANTED; the motion for summary judgment of Defendant Home-Mart, Inc. [Docket # 44] is GRANTED; the motion to dismiss Plaintiffs' claim for prejudgment interest [Docket # 55] of Defendant Franks is DENIED as moot; and the motion for partial summary judgment [Docket # 86] of Defendant Franks is GRANTED.

Defendant Home-Mart is ORDERED to provide to the court within ten (10) days of the entry of this order a status report as to its third party complaint against Defendant Franks and whether it intends to proceed against Defendant Franks. Failure to respond will result in the dismissal of the third party complaint.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

30 November 2005
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 108 in case 1:03-CV-01255 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Gayden Drew
DREW & MARTINDALE, P.C.
174 W. University Pkwy
Jackson, TN 38305

John S. Little
WALDROP & HALL
106 S. Liberty Street
Jackson, TN 38301--072

Steven W. Maroney
TEEL MCCORMACK & MARONEY
87 Murray Guard Dr.
Jackson, TN 38305

M. Bradley Gilmore
PARKER LAWRENCE CANTRELL & DEAN
200 Fourth Avenue N.
5th Floor, Noel Place
Nashville, TN 37219

Jere B. Fones
THORP FONES & FRULLA PLC
5668 S. Rex Road
Second Floor
Memphis, TN 38119

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT